1    JOANNA L. BROOKS (State Bar #182986)
     TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2    DOUGLAS M. BRIA (State Bar #226966)
     JACKSON LEWIS LLP
3    199 Fremont Street, 10th Floor
     San Francisco, CA  94105
4    Telephone    415.394.9400
     Facsimile    415.394.9401
5    brooksj@jacksonlewis.com

6    Attorneys for Defendant
     PEROT SYSTEMS CORPORATION

7

8                    ORIGINAL
                     FILED

                     JUN 2 4 2008

                     RICHARD W. WIEKING
                     CLERK, U.S. DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA

                     E-filing

                     MHP

9                UNITED STATES DISTRICT COURT

                 NORTHERN DISTRICT OF CALIFORNIA

10

11   RAUL MANCERA,                        CV  08    3064
                                          Case No.:
12
                  Plaintiff,
13                                        NOTICE OF REMOVAL OF CIVIL
           v.                             ACTION TO THE UNITED STATES
14                                        DISTRICT COURT FOR THE
     PEROT SYSTEMS CORPORATION, and       NORTHERN DISTRICT OF
15   DOES 1 through 25, inclusive,        CALIFORNIA PURSUANT TO 28
                                          U.S.C. SECTIONS 1332, 1441 AND
16                Defendants.             1446 [DIVERSITY]
                                          (Filed in conjunction with Certificate of
17                                        Service of Notice to Adverse Parties and
                                          Notice of Pendency of Other Action or
                                          Proceeding)
18

19   **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR**

20   **THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF RAUL MANCERA AND**

21   **TO HIS ATTORNEYS OF RECORD:**

22        **PLEASE TAKE NOTICE:**  Defendant Perot Systems Corporation ("Perot

23   Systems") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections

24   1332 and 1441(b) and removes this action from the Superior Court of the State of California for

25   the County of Santa Cruz to the United States District Court for the Northern District of

26   California, pursuant to 28 U.S.C. section 1446(b).  In support thereof, Defendant asserts:

27        1.    On April 29, 2008, Plaintiff Raul Mancera ("Plaintiff") filed his complaint

28   in the Superior Court of the State of California, County of Santa Cruz, designated as Case No. CV

                                          1

1  160155 ("Complaint").  The Complaint alleges the following three (3) causes of action against

2  Perot Systems and Does 1 through 25:  (i) failure to pay wages in violation of California Labor

3  Code sections 201, 202, 203 and 226.7; (ii) penalties under California Labor Code section 203

4  and 226.7 for each day that meal and rest periods were not provided and failure to pay all wages

5  owed on termination of employment ("Waiting-Time Penalties"); and (iii) retaliation for

6  complaining about unpaid wages in violation of California Labor Code section 201.

7          2.      Plaintiff served Defendant with the Summons and Complaint on May 27,

8  2008.

9          3.      This Notice of Removal has been filed within thirty (30) days after

10  Defendant was first served with a copy of Plaintiff's Summons and Complaint and is therefore

11  filed within the time period mandated by 28 U.S.C. section 1446(b).

12          4.      The Summons and Complaint, as well as the notices and orders collectively

13  attached as Exhibit "A," constitute all process, pleadings and orders served on Perot Systems in

14  this action pursuant to 28 U.S.C. section 1446(a).

15          5.      In accordance with 28 U.S.C. section 1446(d), the undersigned counsel

16  certifies that a copy of this Notice of Removal and all supporting papers promptly will be served

17  on Plaintiff's counsel and filed with the Clerk of the Santa Cruz County Superior Court.  True and

18  correct copies of the form of such notices are attached hereto as Exhibits "B" and "C."  Therefore,

19  all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

20          6.      Venue of this action lies in the United States District Court for the

21  Northern District of California pursuant to 28 U.S.C. sections 1441, *et seq.* and 1391(a) because

22  this is the judicial district of this Court in which the action arose, where Plaintiff resides and

23  where the causes of action arose.

24                          **DIVERSITY JURISDICTION**

25          7.      Perot Systems properly may remove the Complaint on the basis of

26  diversity of citizenship jurisdiction pursuant to 28 U.S.C. section 1332(a) because:

27          a.      Plaintiff now is, and was at the time this action was commenced, a

28  citizen of the State of California within the meaning of 28 U.S.C. section 1332(a).  Plaintiff filed

1    his Complaint, an action under California law, in Santa Cruz County, California, which is

2    Plaintiff's last known address and place of employment.

3                        b.    Perot Systems now is, and was at the time this action was

4    commenced, a citizen of the State of Delaware within the meaning of section 1332(c)(1), because

5    it now is, and was at all times, incorporated under the laws of that state of Delaware.

6                        c.    Perot Systems also now is, and was at the time this action was

7    commenced, a citizen of the State of Texas within the meaning of section 1332(c)(1), because

8    Perot Systems' executive and administrative functions are primarily performed in the State of

9    Texas and a substantial predominance of its corporate operations do not take place in California

10    or any other state in which it conducts operations.

11                        d.    Perot Systems is not now, nor was at the time this action was

12    commenced, a citizen of the State of California within the meaning of section 1332(c) because it

13    is not and was not incorporated in California and its principal place of business is not and was not

14    in California.

15                        e.    The presence of Doe defendants has no bearing on the diversity

16    with respect to removal. *See* 28 U.S.C. section 1441(a) ("For purposes of removal under this

17    Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded.").

18    Defendant is not aware of any Doe defendant having been served with a copy of the Summons

19    and Complaint.

20                8.    The Court may not decline to exercise jurisdiction over the action pursuant

21    to 28 U.S.C. sections 1332(d)(3) because Perot Systems is not a citizen of the state in which the

22    action was filed.

23                        **AMOUNT IN CONTROVERSY**

24                9.    Without admitting that Plaintiff could recover any damages, the amount in

25    controversy in this action exceeds $75,000 on the following grounds:

26                        a.    In his first cause of action (non-payment of wages), Plaintiff alleges

27    that (i) he was required to work during meal and rest periods in violation of Labor Code Section

28    226.7 over a period of three years, for an approximate amount owed of $7,823 (Complaint ¶

                                        3

1    4(a)); (ii) he was required to work overtime without regular or overtime pay over a period of

2    three years, for an approximate owed of $53,469 (Complaint ¶ 4(b)); (iii) he was not paid for

3    regular hours worked for 23 days in August 2007, for an approximate amount owed of $4,204

4    (Complaint ¶ 4(c)); and (iv) at the time of termination Perot Systems failed to pay Plaintiff wages

5    in violation of Labor Code sections 201, 202, 203, and 226.7, for an approximate amount owed in

6    excess of $25,000 (Complaint ¶ 5.)  Plaintiff's first cause of action thus seeks damages of at least

7    $90,496 ($7,823 + $53,469 + $4,204 + $25,000) (Complaint ¶¶ 4-5.)

8                    b.      In his second cause of action (penalties), Plaintiff alleges that Perot

9    Systems failed to pay wages due under Labor Code sections 203 and 226.7 and that Plaintiff is

10   entitled to penalties of approximately $5,484 (Complaint ¶ 7.);

11                   c.      In his third cause of action (retaliation), Plaintiff alleges that Perot

12   Systems terminated Plaintiff in retaliation for his complaints about unpaid wages.  (Complaint ¶

13   12.)  Plaintiff does not specify the amount of damages sought under this cause of action, but

14   Plaintiff alleges that he suffered harm, including lost compensation, injury to property,

15   humiliation, embarrassment and mental anguish (Complaint ¶ 13.);

16                   d.      Plaintiff prays for compensatory damages, interest, penalties,

17   attorneys' fees and costs incurred.  (Complaint, Prayer for Relief.).

18           10.     In determining whether the amount in controversy exceeds $75,000, the

19   Court must presume Plaintiff will prevail on each and every one of his claims.  *Kenneth*

20   *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002),

21   citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy

22   analysis presumes that "plaintiff prevails on liability").  The amount in controversy may include

23   general and special compensatory damages and attorneys' fees that are recoverable by statute.

24   *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

25           11.     The amount in controversy in this action exceeds $75,000 because

26   Plaintiff, according to his Complaint, seeks specified compensatory damages of $95,980 ($90,496

27   (first cause of action) + $5,484 (second cause of action)) in addition to unspecified damages for

28   lost compensation, injury to property, humiliation, embarrassment and mental anguish (third

4

1   cause of action), which must be included in the amount in controversy, as well as unspecified

2   interest, fees, and costs (Complaint ¶¶ 4,7,13 and Prayer for Relief.)

3        **WHEREFORE**, Perot Systems removes the above-entitled action now pending in the

4   Superior Court of the State of California for the County of Santa Cruz to this Court.

5

6   Dated:  June 19, 2008

7                                          JACKSON LEWIS LLP

8

9                                          By:   _JoAnna L. Brooks_
                                           JoAnna L. Brooks
10                                         Timothy C. Travelstead
                                           Douglas M. Bria
11                                         Attorney for Defendant
                                           PEROT SYSTEMS CORPORATION,
12                                         a Delaware Corporation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL

1

**CERTIFICATE OF SERVICE**

2      I, Linda Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3  whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4  age of eighteen (18) years and am not a party to this action.

5      On June 24, 2008, I served the attached document(s):

6  NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT
   COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C.

7  SECTIONS 1332, 1441 AND 1446 [DIVERSITY]

8  in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

9  as follows:

10 Frank A. Jelinch, Esq.
   Law Office of Frank A. Jelinch

11 20045 Stevens Creek Boulevard, Suite 2G
   Cupertino, CA  95014

12 Telephone:      (408) 366-6300
   Facsimile:      (408) 252-3936

13

14 [  ]   <u>BY MAIL</u>:  United States Postal Service - by placing sealed envelopes with the postage
          thereon fully prepaid, placed for collection and mailing on this date, following ordinary
15        business practices, in the United States mail at San Francisco, California.

16 [  ]   <u>BY HAND DELIVERY</u>:  I caused such envelope(s) to be delivered by Messenger Service
          to the above address[es].
17

18 [ X ]  <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered to the above
          address within 24 hours by OVERNIGHT EXPRESS service.

19 [  ]   <u>BY FACSIMILE</u>:  I caused such documents to be transmitted by facsimile to the
          telephone number(s) indicated above.
20

21     I declare under penalty of perjury under the laws of the United States that the above is true

22 and correct.

23     Executed on June 24, 2008 at San Francisco, California.

24

25

26                                          _Linda A. Moore_
                                            LINDA A. MOORE
27

28



1  JOANNA L. BROOKS (State Bar #182986)
   TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2  DOUGLAS M. BRIA (State Bar #226966)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA  94105
4  Telephone     415.394.9400
   Facsimile:     415.394.9401
5  brooksj@jacksonlewis.com

6  Attorneys for Defendant
   PEROT SYSTEMS CORPORATION
7

*ORIGINAL FILED JUN 2 4 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

*E-filing*

8                UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10   *CV 08   3064  MHP*

11  RAUL MANCERA,                          Case No.:

12              Plaintiff,                 **INDEX OF EXHIBITS IN SUPPORT
                                           OF NOTICE OF REMOVAL OF CIVIL**
13       v.                                **ACTION TO THE UNITED STATES
                                           DISTRICT COURT FOR THE**
14  PEROT SYSTEMS CORPORATION, and         **NORTHERN DISTRICT OF**
    DOES 1 through 25, inclusive,          **CALIFORNIA PURSUANT TO 28**
15                                         **U.S.C. SECTIONS 1332, 1441 AND 1446**
                Defendants.                **[DIVERSITY]**
16
17                                         (Filed in conjunction with Certificate of
                                           Service of Notice to Adverse Parties and
18                                         Notice of Pendency of Other Action or
                                           Proceeding)

19  Exhibit A:

20       True and correct copies of Summons and Complaint, as well as the collective notices and
    orders, as follows:
21

22       1.   A true and correct copy of the Complaint for Unpaid Wages and Penalties, filed on
              April 29, 2008;
23

24       2.   A true and correct copy of the Summons on Complaint filed on April 29, 2008;

25       3.   A true and correct copy of the Proof of Service of Summons and Complaint, dated
              May 28, 2008;
26

27       4.   A true and correct copy of the Case Management Information and Setting form
              and ADR Information Package, filed on April 29, 2008; and
28
         5.   A true and correct copy of the Answer to Complaint, filed on  June 23, 2008.

                                          1

1    <u>Exhibit B:</u>

2        A true and correct copy of the Notice to Adverse Parties of Removal to Federal Court,
3    which will be filed in the Superior Court of California, County of Santa Cruz.

4

5

6    Dated:   June 24, 2008

                                        JACKSON LEWIS LLP

7

8                                       By: _____
9                                           JoAnna L. Brooks
                                            Timothy C. Travelstead
10                                          Douglas M. Bria
                                            Attorney for Defendant
11                                          PEROT SYSTEMS CORPORATION,
                                            a Delaware Corporation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2

1

**CERTIFICATE OF SERVICE**

2    I, Marianne Solano, declare that I am employed with the law firm of Jackson Lewis LLP,

3    whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4    age of eighteen (18) years and am not a party to this action.

5    On June 24, 2008, I served the attached document(s):

6    INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO
     THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
7    CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446 [CAFA
     DIVERSITY]

8

9    (Filed in conjunction with Certificate of Service of Notice to Adverse Parties and Notice of

10   Pendency of Other Action or Proceeding) in this action by placing true and correct copies thereof,

11   enclosed in sealed envelope(s) addressed as follows:

12   Frank A. Jelinch, Esq.
     Law Office of Frank A. Jelinch
13   20045 Stevens Creek Boulevard, Suite 2G
     Cupertino, CA  95014
14   Telephone:    (408) 366-6300
     Facsimile:    (408) 252-3936

15

16   [  ]    BY MAIL:  United States Postal Service - by placing sealed envelopes with the postage
17           thereon fully prepaid, placed for collection and mailing on this date, following ordinary
             business practices, in the United States mail at San Francisco, California.

18   [  ]    BY HAND DELIVERY:  I caused such envelope(s) to be delivered by Messenger Service
19           to the above address[es].

20   [ X ]   BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
             address within 24 hours by OVERNIGHT EXPRESS service.

21   [  ]    BY FACSIMILE:  I caused such documents to be transmitted by facsimile to the
22           telephone number(s) indicated above.

23   I declare under penalty of perjury under the laws of the United States that the above is true

24   and correct.

25   Executed on June 24, 2008 at San Francisco, California.

26

27

28
                                                    _____
                                                    MARIANNE SOLANO

INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL

*EXHIBIT A*

*EXHIBIT 1*

1  FRANK A. JELINCH, ESQ. - SBN 42890
   LAW OFFICE OF FRANK A. JELINCH
2  20045 Stevens Creek Boulevard, Suite 2G
   Cupertino, CA  95014
3  Tel.:   408-366-6300
   Fax:    408-252-3936
4

5  Attorney for Plaintiff

**F I L E D**

APR 2 9 2008

ALEX CALVO, CLERK
BY JENNIFER SAMBRAILO
DEPUTY, SANTA CRUZ COUNTY

6

7

8              SUPERIOR COURT OF CALIFORNIA, SANTA CRUZ COUNTY

9

10 RAUL MANCERA                          CASE NO.:   CV 1 6 0 1 5 5

11            Plaintiff,              COMPLAINT FOR UNPAID WAGES
                                      AND PENALTIES
12 PEROT SYSTEMS CORPORATION and
13 DOES 1 through 25, inclusive,        (Labor Code Sections 201, 202, 203,
                                         218.5, and 226.7)
14            Defendants.

15

16

17

18 PLAINTIFF ALLEGES:

19                    **FIRST CAUSE OF ACTION**
                       **(Non-Payment of Wages)**

20 1.   The defendant, PEROT SYSTEMS CORPORATION, is and at all times relevant herein,

21      was a corporation organized under the laws of California and doing business in Santa

22      Cruz County, California.

23 2.   Does 1 through 25, inclusive are sued as fictitious defendants.  It is believed that each of

24      the Does was in some way responsible for the damages claimed herein.

25 3.   Beginning on January 8, 2003 and ending on December 30, 2007, plaintiff Raul Mancera

26      was employed by defendant as a Desk Site Support Analyst.

27 4.   During the period of the employment, the defendant employer did not pay the plaintiff

28      wages as follows:

a)  He was required by defendants to work during meal and rest periods in violation of Labor Code Section 226.7 for 3 years. ending October 24, 2007, for an approximate amount owed of $7,823.

b)  He was required by defendants to work overtime in excess of 8 hours per day or 40 hours per week without regular or overtime pay for 3 years, ending October 14, 2007, for an approximate amount owed of $53,469.

(c)  He was not paid for regular hours worked for 23 days in August 2007 for an approximate amount owed of $4,204.

5.  At the time of their termination the defendants failed to pay the plaintiffs wages due them. Failure to pay the wages due violates Labor Code Sections 201, 202, 203, 226.7. There is new due and owing to plaintiffs a sum in excess of $25.000. Defendant refuses to pay the amount due.

**SECOND CAUSE OF ACTION**
**( PENALTIES, LABOR CODE 203 AND 226.7**
**AS TO ALL PLAINTIFFS)**

6.  Plaintiffs incorporate Paragraph 1-5.

7.  The defendant's failure to pay wages due violates Labor Code Sections 203 and 226.7, providing for penalties of one hour per pay for each day that rest and meal periods were not provided and for up to 30 days pay from time wages were due and not paid in an approximate amount owed of $5,484.

8.  The defendants have failed to pay wages due for a period in excess of 30 days and such failure was willful.

**THIRD CAUSE OF ACTION**
**(Retaliation for Complaint About Unpaid Wages, Labor Code § 201)**

9.  Plaintiffs incorporate the allegations of Paragraphs 1-8.

10. Beginning when Louis Aquino became plaintiff's supervisor, Raul Mancera complained to his employer about hours worked which were not accounted for in his paycheck (sometimes 2-3 or more hours bi-weekly). Mr. Aquino told him that if he did not like it, he could resign.

1   11.    Labor Code Sections 201, 202, 203 and 226.7 require payment of wages due.

2   12.    Defendant employer terminated plaintiff as a result of his complaints for unpaid wages.

3   13.    As a proximate result of the conduct of the defendants, the plaintiff has suffered harm,

4          including lost compensation, injury to property, humiliation, embarrassment and mental

5          anguish all to his damages in an amount according to proof.

6          WHEREFORE, plaintiffs, and each of them, pay for judgment against defendants as

7   follows:

8          1.     Compensatory damages in excess of $25,000 and according to proof;

9          2.     Interest at the rate of 10% from the date wages were owed;

10         3.     For penalties under Labor Code Sections 203 and 226.7;

11         4.     For reasonable attorney's fees according to law, including Labor Code Section

12                218.5;

13         5.     For costs of suit herein; and

14         6.     For such other relief as the court deem proper.

15                                    LAW OFFICE OF FRANK A. JELINCH

16

17   DATED: _APRIL 28, 2008_

18                                    Frank A. Jelinch, Attorney for Plaintiff

19

20

21

22

23

24

25

26

27                              **PROOF OF SERVICE**

28

*EXHIBIT 2*

5-2-7-08  2:50

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Perot Systems Corporation and Does 1-25, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

APR 29 2008

ALEX CALVO, CLERK
BY JENNIFER SAMBRAILO
DEPUTY, SANTA CRUZ COUNTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Raul Mancera

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.   Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Santa Cruz 701 Ocean Street, Room 110  Santa Cruz, CA   95060 | CASE NUMBER: *(Número del Caso):* CV 160155 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FRANK A. JELINCH, ESQ. SBN 42890            408-366-6300    408-252-3936
LAW OFFICE OF FRANK A. JELINCH
20045 STEVENS CREEK BLVD., #2G
CUPERTINO, CA   95014

| DATE: April 29, 2008 *(Fecha)* | ALEX CALVO | Clerk, by *(Secretario)* | JENNIFER SAMBRAILO | , Deputy *(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. *(POS-010)*).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* PEROT SYSTEMS CORPORATION

under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions

Code of Civil Procedure §§ 412.20, 465

*EXHIBIT 3*

## CT CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
05/28/2008
CT Log Number 513469911

TO:   Thomas Williams
      Perot Systems Corporation
      2300 W. Plano Parkway
      Plano, TX 75075

RE:   **Process Served in California**

FOR:  Perot Systems Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Raul Mancera, Pltf. vs. Perot Systems Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice of Case Management Conference, Attachment(s), Stipulation and Order Form |
| **COURT/AGENCY:** | Santa Cruz County, Santa Cruz, Superior Court, CA
Case # CV160155 |
| **NATURE OF ACTION:** | Employee Litigation - Unpaid wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/27/2008 at 14:50 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 6/27/2008 at 8:29 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Frank A. Jelinch
Law Offices of Frank A. Jelinch
20045 Stevens Creek Blvd., #2G
Cupertino, CA 95014
(408) 366-6300 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 790515191402
Email Notification, Vicki Trogdon Vicki.Trogdon@ps.net |
| **SIGNED:**
**PER:**
**ADDRESS:** | C T Corporation System
Nancy Flores
818 West Seventh Street
Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Post-it® Fax Note 7671   Date 5.28.08  # of pages ▸ 10
To Vickie              From Elizabeth - CT Corp
Co./Dept. Perot Systems Corp.   Co.
Phone #                Phone # 213-337-4615
Fax # 972-577-6085     Fax #

Page 1 of 1 / EM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*EXHIBIT 4*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**

Santa Cruz Branch                    Watsonville Branch
701 Ocean Street, Room 110           1Second Street, Room 300
Santa Cruz, CA 95060                 Watsonville, CA 95076

*For Court Use Only*

**FILED**

APR 2 9 2008

ALEX CALVO, CLERK
BY JENNIFER SAMBRAILO
DEPUTY, SANTA CRUZ COUNTY

PLAINTIFF:   RAUL MANCERA

DEFENDANT: PEROT SYSTEMS CORPORATION

**CASE MANAGEMENT INFORMATION AND SETTING**

CASE NO:

CISCV160155

This case is in Santa Cruz County's Case Management Program.  It is the Duty of each party to be familiar with the california rules of court and the date, time and place of the first case management conference.

This notice must be served with the summons on all defendants and cross-defendants.  Notice of any other pending case management conference must be served on subsequently named defendants and corss-defendants.

**ATTENTION DEFENDANT:**  YOU HAVE 30 DAYS AFTER THE SUMMONS IS SERVED ON YOU TO FILE A RESPONSE TO THE COMPLAINT.  THE DATE BELOW DOES NOT EXTEND THE TIME TO FILE A RESPONSE.  SEE THE SUMMONS FOR INSTRUCTIONS FOR RESPONDING TO THE SUMMONS AND COMPLAINT.

The first Case Management Conference hearing date is:

Date: 08/27/08                Time:  8:29           Department No.:    4

Address of the Court: ☑ 701 Ocean Street, Santa Cruz, California        ☐ 1 Second Street, Watsonville, California

*Telephonic court appearances are provided through CourtCall to the court.  To make arrangments to appear at the Case Management Conference by telephone, please call the program administrator for CourtCall at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.  DO NOT CALL THE COURT.*

# THE LAWYER'S PLEDGE

In order to raise the standards of civility and professionalism among counsel and between the Bench and the Bar, I hereby pledge the following:

1. To at all times comply with the California Rules of Professional Conduct;
2. To honor all commitments;
3. To be candid in all dealings with the court and counsel;
4. To uphold the integrity of our system of justice and not compromise personal integrity for the sake of a client, case or cause;
5. To seek to accomplish the client's legitimate goals by the most efficient and economical methods possible;
6. To act in a professional manner at all times, to be guided by a fundamental sense of fair play in all dealings with counsel and the court, and to be courteous and respectful to the court;
7. To be on time;
8. To be prepared for all court appearances - to be familiar with all applicable court rules;
9. To adhere to the time deadlines set by statute, rule, or order;
10. To avoid visual displays of pique in response to rulings by the court;
11. To discourage and decline to participate in litigation or tactics that are without merit or are designed primarily to harass or drain the financial resources of the opposing party;
12. To avoid any communications with the judge concerning a pending case unless the opposing party or lawyer is present, or unless permitted by court rules or otherwise authorized by law;
13. To refrain from impugning the integrity of the judicial system, its proceedings, or its members;
14. To treat all court personnel with the utmost civility and professanalism;
15. To remember that conflicts with opposing counsel are professional and not personal - vigorous advocacy is not inconsistent with professional courtesy;
16. To refrain from derogatory statements or discriminatory conduct on the basis of race, religion, gender, sexual orientation or other personal characteristic;
17. To treat adverse witnesses and litigants with fairness and due consideration;
18. To conduct discovery proceedings as if a judicial officer were present;
19. To meet and confer with opposing counsel in a genuine attempt to resolve procedural and discovery matters;
20. To not use discovery to harass the opposition or for any other improper purpose;
21. To not arbitrarily or unreasonably withhold consent to a just and reasonable request for cooperation or accommodation;
22. To not attribute to an opponent a position not clearly taken by that opponent;
23. To avoid unnecessary "confirming" letters and to be scrupulously accurate when making any written confirmation of conversations or events;
24. To not propose any stipulation in the presence of the trier of fact unless previously agreed to by the opponent;
25. To not interrupt the opponent's legal argument;
26. To address opposing counsel, when in court, only through the court;
27. To not seek sanctions against or disqualification of another lawyer to attain a tactical advantage or for any other improper purpose;
28. To not schedule the service of papers to deliberately inconvenience opposing counsel;
29. To refrain, except in extraordinary circumstances, from using the fax machine to demand immediate responses for opposing counsel.

# ADR INFORMATION PACKAGE

Included in this package:

- Cover Page

- Alternative Dispute Resolution Program Notice

- Local Form SUPCV 1012
  (Stipulation and Order to Attend Judicial Mediation or Private Arbitration)

## <u>ATTENTION PLAINTIFFS/CROSS-COMPLAINANTS</u>

**PLAINTIFFS SHALL SERVE A COPY OF THIS ADR
INFORMATION PACKAGE ON EACH DEFENDANT
ALONG WITH THE COMPLAINT. CROSS-COMPLAINANTS
SHALL SERVE A COPY OF THIS ADR INFORMATION
PACKAGE ON ANY NEW PARTIES TO THE ACTION
ALONG WITH THE CROSS-COMPLAINT
(CRC 3.221)**

---

SUPCV-1012 (Rev. 1/07)

Page 1 of 3
Local Rule 7.1.02

STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
OR PRIVATE ARBITRATION

# ALTERNATIVE DISPUTE RESOLUTION PROGRAM NOTICE
# SANTA CRUZ SUPERIOR COURT
# LOCAL RULE 7.1.02(a)

TO:    ALL CIVIL LITIGANTS

RE:    JUDICIAL MEDIATION PROGRAM OF SANTA CRUZ OR OPTION FOR
       PRIVATE ARBITRATION

Alternate Dispute Resolution (ADR) is a process, other than formal litigation, in which a neutral person assists the parties in resolving their dispute. Santa Cruz County's ADR process is Judicial Mediation. If the parties agree to Mediation, it is the policy of this Court to assign appropriate cases to mediation without making a determination of the value of the case.

Appropriate cases will be assigned to Judicial Mediation from the Case Management Conference Calendar. The parties may stipulate to Mediation prior to the Case Management Conference by written stipulation on local form SUPCV 1012. Case Management Conference Statements and requests for continuances should be submitted at least ten days in advance of the hearing.

FOR MORE INFORMATION REGARDING SANTA CRUZ COUNTY'S MEDIATION PROGRAM, SEE LOCAL RULE 7.1 OR CONTACT THE CIVIL CALENDAR DEPARTMENT (SANTA CRUZ) AT (831) 454-2303 OR THE WATSONVILLE BRANCH AT (831) 763-8069.

You may also stipulate to use a private arbitration or mediation service with the same local form 1012. This local form is required to ensure that the case is tracked properly by Court staff.

STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
OR PRIVATE ARBITRATION

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*NAME AND ADDRESS*):   TELEPHONE NO.: | For Court Use Only |
|---|---|
| ATTORNEY FOR (*NAME*): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**

☐ Santa Cruz          ☐ Watsonville Branch
  701 Ocean Street, Room 110        1430 Freedom Boulevard
  Santa Cruz, CA 95060           Watsonville, CA 95076

Plaintiff/Petitioner:

Defendant/Respondent:

| STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION<br>OR PRIVATE ARBITRATION<br>Must be filed 10 days before Case Management Conference | CASE NO. |
|---|---|

**FOR GOOD CAUSE** as stated in the attached supporting declaration,
**CASE MANAGEMENT CONFERENCE CURRENTLY SET FOR:** (DATE) _____
**CHECK ONLY ONE BOX:**

1. (   ) The parties stipulate to court ordered mediation.

2. (   ) The parties stipulate to private mediation or arbitration, to be arranged by the parties and completed within 120 days of the current CMC date stated above. The parties agree that such process shall be a good faith attempt to resolve the case.

**SIGNATURES OF COUNSEL:**

_____    TYPE NAME: _____
DATE: _____      ATTORNEY FOR: _____

_____    TYPE NAME: _____
DATE: _____      ATTORNEY FOR: _____

☐ ADDITIONAL SIGNATURES IN ATTACHMENT "A"

**ORDER**

**BASED ON THE STIPULATION OF THE PARTIES, THE SUPPORTING DECLARATION,
AND FINDING GOOD CAUSE, THE APPLICATION IS HEREBY GRANTED**

☐ SET FOR JUDICIAL MEDIATION ON: _____ AT: _____ a.m./p.m.

☐ VACATE CMC CURRENTLY SET FOR: _____ AT: _____ a.m./p.m.

Date: _____      _____
                        **JUDGE OF THE SUPERIOR COURT**

SUPCV-1012 (Rev. 1/07)                      Page 3 of 3
                                         Local Rule 7.1.02
**STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
OR PRIVATE ARBITRATION**

*EXHIBIT 5*

JOANNA L. BROOKS (State Bar #182986)
TIMOTHY C. TRAVELSTEAD (State Bar #215260)
DOUGLAS M. BRIA (State Bar #226966)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA  94105
Telephone    415.394.9400
Facsimile:    415.394.9401

Attorneys for Defendant
PEROT SYSTEMS CORPORATION

**FILED**

JUN 23 2008

ALEX CALVO, CLERK
BY DEBORAH ROJAS
DEPUTY, SANTA CRUZ COUNTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CRUZ

| | |
|---|---|
| RAUL MANCERA,<br><br>                    Plaintiff,<br><br>          v.<br><br>PEROT SYSTEMS CORPORATION and<br>DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No. CV160155   **BY FAX**<br><br>**DEFENDANT'S ANSWER TO**<br>**PLAINTIFF'S UNVERIFIED**<br>**COMPLAINT**<br><br>Complaint Filed:    April 29, 2008<br>Trial Date:           None Set |

Defendant PEROT SYSTEMS CORPORATION ("Defendant") hereby answers Plaintiff

RAUL MANCERA'S ("Plaintiff") unverified Complaint (the "Complaint"), as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30 subdivision (d), Defendant denies

each and every allegation contained in Plaintiff's unverified Complaint and denies that Plaintiff

was injured or damaged as alleged, or at all.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations of the Complaint herein, Defendant

alleges as follows:

///

///

1

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT                    Case No. CV160155

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The Complaint, and all causes of action contained therein, fail to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, if and to the extent that Plaintiff failed to exercise reasonable diligence to mitigate his alleged damages, if any.

**THIRD AFFIRMATIVE DEFENSE**

(Unclean Hands)

Plaintiff is barred from recovery under this Complaint if and to the extent that he comes to this Court with unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

(Adequate Legal Remedies)

Any claim for equitable relief is barred, in whole or in part, to the extent Plaintiff has an adequate remedy at law.

**FIFTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations, including without limitation Code of Civil Procedure section 338(a) or Code of Civil Procedure sections 340(a) and (b).

**SIXTH AFFIRMATIVE DEFENSE**

(Waiver)

The Complaint, and each cause of action contained therein, is barred by the doctrine of waiver.

///

///

2

1

**SEVENTH AFFIRMATIVE DEFENSE**

2

(Good Faith)

3       To the extent Plaintiff seeks statutory penalties, such penalty must be barred or reduced to

4    the extent Defendant acted in good faith and non-willfully.

5

**EIGHTH AFFIRMATIVE DEFENSE**

6

(Estoppel)

7       The Complaint, and each cause of action contained therein, is barred by the doctrine of

8    estoppel.

9

**NINTH AFFIRMATIVE DEFENSE**

10

(Laches)

11       The Complaint, and each cause of action contained therein, is barred by the doctrine of

12    laches.

13

**TENTH AFFIRMATIVE DEFENSE**

14

(Waiver of Meal and Rest Periods)

15       Plaintiff's first cause of action for unpaid wages is barred to the extent Plaintiff seeks

16    wages for unpaid meal and rest periods that Defendant provided but that Plaintiff refused to take

17    in compliance with Defendant's policies and/or or voluntarily waived.

18

**ELEVENTH AFFIRMATIVE DEFENSE**

19

(Lack of Knowledge)

20       Plaintiff's third cause of action for retaliation is barred to the extent Plaintiff failed to

21    notify Defendant of the alleged wage and hour violations during his employment with Defendant.

22

**TWELFTH AFFIRMATIVE DEFENSE**

23       Any recovery on Plaintiff's Complaint for failure to pay wages is barred because

24    Defendant complied with all applicable provisions of the California Labor Code, the applicable

25    wage orders of the California Industrial Welfare Commission and federal law.

26

**PRAYER**

27       WHEREFORE, Defendant prays for judgment as follows:

28       1.       That Plaintiff take nothing by way of his Complaint;

3

1    2.    That the Complaint and each claim for relief be dismissed in its entirety with

2    prejudice;

3    3.    That Plaintiff be denied each and every demand and prayer for relief contained in

4    the Complaint;

5    4.    For costs of suit incurred herein, including reasonable attorney's fees, as and

6    where permitted under California law; and

7    5.    For such other and further relief as the Court deems just and equitable.

8

9    Dated:  June 23, 2008

10    JACKSON LEWIS LLP

11

12    By: _JoAnna L. Brooks_

13    JoAnna L. Brooks
     Timothy C. Travelstead
     Douglas M. Bria
14    Attorneys for Defendant
     PEROT SYSTEMS CORPORATION,
15    a Delaware Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1

**PROOF OF SERVICE**

2        I, Mary Stoner, declare that I am employed with the law firm of Jackson Lewis LLP,

3  located at 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of

4  eighteen (18) years and am not a party to this action.

5        On June 23, 2008, I served the attached document(s):

6        **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED**
        **COMPLAINT**

7

8  in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

9  as follows:

10  Frank A. Jelinch, Esq.
   Law Office of Frank A. Jelinch
11  20045 Stevens Creek Boulevard, Suite 2G
   Cupertino, CA  95014
12  Telephone:     408-366-6300
   Facsimile:     408-252-3936

13

14
   [ X ]    BY MAIL:  United States Postal Service -  by placing sealed envelopes with the postage
15           thereon fully prepaid, placed for collection and mailing on this date, following ordinary
            business practices, in the United States mail at San Francisco, California.
16
   [   ]    BY HAND DELIVERY:  I caused such envelope(s) to be delivered by Messenger Service
17           to the above address.

18  [   ]    BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
            address within 24 hours by OVERNIGHT EXPRESS service.
19
   [   ]    BY FACSIMILE:  I caused such documents to be transmitted by facsimile to the
20           telephone number(s) indicated above.

21        I declare under penalty of perjury under the laws of the State of California that the above

22  is true and correct.

23        Executed on June 23, 2008 at San Francisco, California.

24

25                                          _Mary Stoner_
                                           Mary Stoner

26

27

28

5

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT                Case No. CV160155

*EXHIBIT B*

1  JOANNA L. BROOKS (State Bar #182986)
   TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2  DOUGLAS M. BRIA (State Bar #226966)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA 94105
4  Telephone    415.394.9400
   Facsimile:    415.394.9401
5
   Attorneys for Defendant
6  PEROT SYSTEMS CORPORATION
7
8              SUPERIOR COURT OF CALIFORNIA
9                COUNTY OF SANTA CRUZ
10
11 RAUL MANCERA,                      | Case No. CV160155
12            Plaintiff,              | **NOTICE TO ADVERSE PARTIES OF**
                                      | **REMOVAL TO FEDERAL COURT**
13       v.
14 PEROT SYSTEMS CORPORATION and
   DOES 1 through 25, inclusive,
15                                    | Complaint Filed:    April 29, 2008
            Defendants.               | Trial Date:         None Set
16
17
18 <u>**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**</u>
19       <u>PLEASE TAKE NOTE THAT</u> a Notice of Removal of this action was filed in the United
20 States District Court for the Northern District of California on June ___, 2008.  A copy of said
21 Notice of Removal is attached to this Notice, and is served and filed herewith.
22 Dated:  June 24, 2008
23                                  JACKSON LEWIS LLP
24
25                         By:  _____
26                                  JoAnna L. Brooks
                                    Timothy C. Travelstead
27                                  Anne V. Leinfelder
                                    Attorneys for Defendant
28                                  PEROT SYSTEMS CORPORATION,
                                    a Delaware Corporation

                                    1

1

## PROOF OF SERVICE

2  I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3 whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4 age of eighteen (18) years and am not a party to this action.

5  On June 24, 2008, I served the attached document(s):

6   **NOTICE TO ADVERSE PARTIES OF REMOVAL TO**
   **FEDERAL COURT**

7

8 in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

9 as follows:

10 Frank A. Jelinch, Esq.
 Law Office of Frank A. Jelinch
11 20045 Stevens Creek Boulevard, Suite 2G  *Attorney for Plaintiff*
 Cupertino, CA 95014
12 Telephone: (408) 366-6300
 Facsimile: (408) 252-3936

13

14

15 [ ] <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

16

17 [ ] <u>BY HAND DELIVERY</u>:  I caused such envelope(s) to be delivered by Messenger Service to the above address.

18 [ X ] <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered to the above address within 24 hours by OVERNIGHT EXPRESS service.

19

20 [ ] <u>BY FACSIMILE</u>:  I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

21  I declare under penalty of perjury under the laws of the State of California that the above

22 is true and correct.

23  Executed on June 24, 2008 at San Francisco, California.

24

25       _____
           LINDA A. MOORE

26

27

28

NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT     Case No. CV160155